# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# NORTHERN DIVISION

IN RE LOUTECIA PICKETT,

    Debtor,

Bankruptcy Case Number
17-83506-CRJ-13

LOUTECIA PICKETT,

    Plaintiff,

v.

Adversary Proceeding No.

EVABANK BANK

    Defendant.

## COMPLAINT

The debtor in this bankruptcy case and plaintiff in this adversary proceeding, Loutecia Pickett ("Pickett"), makes the following allegations in her complaint against the defendant, EvaBank ("EvaBank").

### Parties, Jurisdiction, and Nature of Action

1. Pickett is the debtor in the above-referenced Chapter 13 bankruptcy case which was commenced on November 28, 2017. EvaBank is a corporation organized and existing under the laws of the State of Alabama. At all times material to this complaint, EvaBank regularly and systematically conducted business in the State of Alabama, and, in particular, within that portion of the State of Alabama lying within this court's district and division. Pickett did business with EvaBank within this district and division, and it is these business transactions that give rise to this litigation.

2. EvaBank is listed as a creditor in the schedules filed by Pickett.

3. Despite having both notice and actual knowledge of the commencement of Pickett's case, EvaBank sent correspondence to or caused correspondence to be sent to Pickett in an effort to collect a pre-petition debt owed by Pickett to EvaBank.

4. Pickett brings this action to recover the actual damages she has sustained as a result of EvaBank's willful violation of the automatic stay in this case and to recover punitive damages from EvaBank for that violation.

1

5. This adversary proceeding arises in a case under Title 11 of the United States Code, and it is a core proceeding since it concerns the administration of Pickett's estate, requests the return of property of the estate, and affects the adjustment of the debtor-creditor relationship between Pickett and EvaBank. Consequently, this is a core proceeding, and this court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §157(b)(2)(A), (E), and (O), and 28 U.S.C. §1334(b).

**Claim – Violation of the Automatic Stay**

6. Pickett incorporates by reference the allegations in paragraphs one through three of this complaint.

7. The schedules filed by Pickett upon the commencement of this bankruptcy case listed EvaBank as a creditor. The property at 1612 Sherman Street SE, Decatur, Alabama 35601, was surrendered by Pickett in her schedules. It is that property that is the subject of the correspondence sent by EvaBank to Pickett. Additionally, around the beginning of the year, 2018, Pickett went to EvaBank and spoke with Bill Webb. She informed him of her bankruptcy filing. He told her she would still be liable for the money owed on the property located at 1612 Sherman Street SE, Decatur, AL 35601 and that she should still make payments on that property.

8. As a result of EvaBank being listed as a creditor in Pickett's schedules, EvaBank had both notice and actual knowledge of both the commencement of and all the proceedings in Pickett's bankruptcy case.

9. Pursuant to §362(a) of the Bankruptcy Code, the commencement of Pickett's bankruptcy case gave rise to the automatic stay which, among other things, prohibits EvaBank from attempting to collect from Pickett any pre-petition obligation owed by Pickett to EvaBank.

10. Despite the imposition of the automatic stay by the commencement of this case and despite having both notice and actual knowledge of the commencement of this case, EvaBank sent or caused to be sent to Pickett correspondence that was intended to collect from Pickett a pre-petition obligation owed by Pickett to EvaBank. The letter demands payment in the amount of $17,087.79 for a deficiency balance on property that was surrendered in her chapter 13 plan and subsequently foreclosed on. The correspondence directs her to "call or come into one of the EvaBank offices to make arrangements to pay this balance in order **to protect your credit from further deterioration**." The creditor even offers to: "set up monthly payments or work with **us** to settle your account in another way." The debtor is then given a specific deadline of **10 days**: "If you do not make arrangements with us, we will refer your account for legal action. This could result in judgments and possible garnishment against your wages or sale of your non-exempt property to

satisfy the **judgment**." This threatening correspondence makes it plain that EvaBank has no regard for the stay nor do they have adequate systems and training in place to curtail such unfortunate problems from arising. The debtor was greatly upset and concerned by the specific threats contained in the correspondence from EvaBank dated September 26, 2018. (See Exhibit 1).

11. The actions of EvaBank violate 11 U.S.C. §362 as set forth in this complaint.

12. Pickett has sustained and continues to sustain injury and damage as a result of EvaBank's violation of the automatic stay.

13. EvaBank's actions evince contempt and distain for this court, the orders it issues, and the protection afforded by Title 11 of the United States Code.

14. Under 11 U.S.C. §362(k)(1), Pickett is entitled to an award of compensatory damages, including costs and attorney's fees, and punitive damages against EvaBank for its willful violation of the automatic stay.

**WHEREFORE**, Pickett asks this court to enter an order:

(A) Awarding Pickett compensatory damages against EvaBank including the reasonable attorney's fees and costs incurred by Pickett in the preparation and prosecution of this adversary proceeding;

(B) Awarding Pickett punitive damages against EvaBank for its willful violation of the automatic stay, such damages being intended to instill in EvaBank and other creditors due respect for this court and its orders and to deter them from taking similar action against Pickett and similarly situated debtors in the future; and,

(C) Granting Pickett any additional or different relief this court deems appropriate.

Dated: 10/03/2018                                       Respectfully submitted,


                                                        /s/ John C. Larsen_____
                                                        John C. Larsen
                                                        Attorney for the debtor/plaintiff,

OF COUNSEL:
LARSEN LAW P.C.
1733 Winchester Road
Huntsville, Alabama 35811
(256) 859-3008
john@jlarsenlaw.com